983 F.2d 1086
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gary BAYLOR, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3460.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1992.
 
 Before ARCHER and MICHEL, Circuit Judges, and CARRIGAN, District Judge.[1]
 PER CURIAM.
 
 DECISION
 
 1
 Gary R. Baylor (Baylor) petitions for judicial review of the initial decision of the Administrative Judge (AJ), No. BN0752920092I-1, dated February 7, 1992 dismissing his appeal to the Merit Systems Protection Board (board) for untimeliness. The AJ's decision became the final decision of the board on May 19, 1992 when it denied review. See 5 C.F.R. § 1201.113(b). We affirm.
 
 DISCUSSION
 
 2
 Baylor did not file his appeal with the board until some five months after the effective date of his removal, instead of filing within 20 days as required by 5 C.F.R. 1201.22(b). This regulatory time limit may be waived by the board upon a showing of good cause. 5 C.F.R. § 1201.12, but the burden of establishing such good cause is on the petitioner. 5 C.F.R. §§ 1201.12, 1201.56(a)(2).
 
 
 3
 The AJ found that Baylor was informed clearly on June 27, 1991 as to the July 5, 1991 effective date of his removal and his right to appeal to the board. Although Baylor submitted evidence that he had received paychecks after the effective date of his removal, the AJ concluded that he could not have reasonably believed that he had not been removed. In support, the AJ pointed to the fact that Baylor never returned to work after July 5, 1991, that he attended an arbitration hearing relating to his removal, and that he received an arbitration decision in November 1991 upholding his removal. Substantial evidence in the record supports these findings.
 
 
 4
 On appeal, Baylor contends that he was confused about his employment status because of two other arbitration decisions. They relate to a warning letter issued to Baylor on March 29, 1991 and the agency's action in placing him on emergency non-duty status on May 3, 1991. Neither decision concerned his removal. Baylor's argument is unpersuasive in view of the express findings of the AJ showing that he could not reasonably have been confused as to the effective date of his removal.
 
 
 5
 We review the board's decision to determine if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Because we conclude there has been no such error, the board's decision must be affirmed.
 
 
 
 [1]
 Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation